FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILIP A. DUGGAN,<br><br>               Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE & TAXPAYER ADVOCATE SERVICE (SEATTLE),<br><br>               Defendants. | No.   2:16-CV-0034-SMJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS 8-13 OF THE COMPLAINT** |

      Before the Court, without oral argument, is Defendant United States' Motion to Dismiss Counts 8, 9, 10, 11, 12, and 13 of the Complaint, ECF No. 6. Defendant United States asks the Court to dismiss Plaintiff's claims regarding tax years 2005 to 2009 on the ground that it lacks subject matter jurisdiction over them because the penalties were not fully paid. Plaintiff opposes the motion on the ground that he is not asking for a tax refund but rather reallocation and abatement. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motion.

      Plaintiff's complaint lists 13 counts where he identifies payments made toward penalties assessed against him erroneously, illegally, or unjustly and asks

ORDER **-** 1

that these penalties be "abated along with interest". ECF No. 1 at 18-35. Plaintiff claims that these counts are "not a request for refund but for abatement of the" penalties assessed, so the full payment rule is not a jurisdictional prerequisite. ECF No. 15 at 2.

Regardless of whether the claims are for abatement or refund of taxes, this Court lacks subject matter jurisdiction over them.

Abatements are permitted by 26 U.S.C. § 6404, but may only be authorized by the Secretary. This section does not provide a waiver of sovereign immunity for actions seeking review of a taxpayer's request for abatement of penalties. To the extent these are claims for abatement of penalties, the United States has not waived its sovereign immunity with respect to such a claim so this Court lacks subject matter jurisdiction.

As to counts 8 through 13, Defendant has presented the declaration of an IRS officer who states that Plaintiff has not paid the entire penalties assessed against him for tax years 2005 through 2009. ECF No. 6-1 at 4 (showing unpaid balances of between $5,000 and $30,000 for each tax year). Plaintiff does not claim that he fully paid. ECF No. 15 at 5-6. Rather, his response betrays a failure to understand that penalties assessed under 26 U.S.C. § 6702 are taxes for purposes of the full-payment rule. *Yuen v. United States*, 290 F. Supp. 2d 1220, 1223 (D. Nev. 2003); *Tibbetts v. Secretary of the Treasury*, 577 F.Supp. 911 (W.D. N.C. 1984) (finding

ORDER - 2

jurisdiction under 28 U.S.C. § 1346(a)(1) over claim for abatement of penalty assessed under 26 U.S.C. § 6702). To the extent that the claims are for tax refunds, the Court lacks subject matter jurisdiction over them since Plaintiff has not fully paid the penalties. *Flora v. United States*, 362 U.S. 145, 177 (1960); 28 U.S.C. § 1346(a)(1).

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion to Dismiss Counts 8, 9, 10, 11, 12, and 13 of the Complaint, **ECF No. 6**, is **GRANTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 4th day of August 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge