UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILIP A. DUGGAN,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 2:16-CV-0034-SMJ<br><br>**ORDER GRANTING UNITED STATES OF AMERICA'S SUGGESTION OF LACK OF SUBJECT MATTER JURISDICTION WITH RESPECT TO COUNTS 1 AND 2 OF THE COMPLAINT** |

Before the Court, without oral argument, is Defendant United States of America's Suggestion of Lack of Subject Matter Jurisdiction with Respect to Counts 1 and 2 of the Complaint. ECF No. 43. Through this motion, the United States seeks dismissal of counts one and two of the complaint because it asserts the Court does not have subject-matter jurisdiction to hear these claims. Plaintiff Duggan opposes the motion arguing that subject-matter jurisdiction exists. ECF No. 44. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motion.

//

//

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS 1 AND 2 FOR LACK OF SUBJECT-MATTER JURISDICTION - 1

## I. Background

Plaintiff Duggan alleges that, pursuant to 26 U.S.C. §6702, the Internal Revenue Service (IRS) incorrectly assessed and imposed penalties against him for filing frivolous tax submissions. ECF No. 1 at 3. He filed suit asking "for reallocation and then, if applicable, refund of taxes taken through levy and erroneously applied to defective, improperly or otherwise unjustly assessed penalties." ECF No. 1 at 1. Duggan's complaint lists thirteen separate counts identifying payments he made toward penalties he asserts were incorrectly assessed and imposed against him. *Id.* at 18–35. Following a previous motion to dismiss filed by the United States, ECF No. 6, the Court dismissed counts eight through thirteen because the Court lacked subject-matter jurisdiction over those claims. ECF No. 22. Counts one through seven remain. ECF No. 1 at 18–26.

The present motion only challenges the Court's subject-matter jurisdiction over counts one and two. ECF No. 43 at 1–2, 8 n. 3. Counts one and two concern penalties Duggan paid in 2012 through levies on his monthly retirement distribution for tax years 1998 and 1999, respectively. ECF No. 1 at 1–2.

## II. Legal Standard

**A. Federal courts must ensure they possess subject-matter jurisdiction.**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A party asserting this

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS 1 AND 2 FOR LACK OF SUBJECT-MATTER JURISDICTION - 2

defense can do so by filing a motion under Federal Rule of Civil Procedure 12(b)(1). However, a motion made pursuant to Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Courts are split regarding the proper vehicle for challenging a court's subject-matter jurisdiction after a responsive pleading is filed. *Weirich v. Bd. of Governors of the Fed. Reserve Sys.*, No. CV-10-5031, 2010 WL 4641959, at *3 (E.D. Wash. Nov. 2, 2010) (identifying a split in authority as to whether a motion filed pursuant to Rule 12(b)(1) after an answer has been filed is the appropriate way to challenge a court's subject-matter jurisdiction).

Nevertheless, courts must consider challenges to their subject-matter jurisdiction at any time and dismiss matters not properly before them. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 500 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . *may be raised at any stage in the litigation*, even after trial and the entry of judgment, Rule 12(h)(3).") (emphasis added); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."). Accordingly, a motion challenging a court's subject-matter jurisdiction pursuant to Rule 12(h)(3) is proper. *Weirich*, 2010 WL 4641959 at *3 (concluding that a motion under Rule 12(h)(3) is proper); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 n. 2 (9th Cir. 2004) (citing *Augustine*, 704 F.2d at 1075 n. 3) ("The matter of

subject matter jurisdiction . . . may be raised by the parties at any time."); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 879 n. 3 (3d Cir. 1992) ("The distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party."); *Cruz v. AAA Carting and Rubbish Removal, Inc.*, 116 F.Supp.3d 232, 239 (S.D.N.Y. July 16, 2015) ("[T]he difference between a motion made under Rule 12(b)(1) and one made under Rule 12(h)(3) is largely academic, and the same standards are applicable to both types of motions.") (citation and quotation marks omitted).

Consequently, the present motion is properly before the Court under Rule 12(h)(3).

**B.     Establishing subject-matter jurisdiction in tax refund suits.**

District courts can assert subject-matter jurisdiction in an action against the United States when sovereign immunity has been waived and a statute has vested them with such jurisdiction. *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008 (9th Cir. 2007) (citing *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991).

As to tax refund suits in particular, "a taxpayer must pay the entire tax or penalty it seeks to recover from the IRS in order for the district court to have jurisdiction." *Flora v. United States*, 362 U.S. 145 (1960). "Ordinarily, there is no jurisdiction in the district courts over suits for the refund of penalty amounts paid

until the taxpayer has paid the full amount of the contested penalty assessment . . . and has filed a claim for refund which the IRS has either rejected or not acted upon in six months." *Thomas v. United States*, 755 F.2d 728 (9th Cir. 1985) (citations omitted). Moreover, no lawsuit or proceeding can continue for the "recovery of any . . . penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been" filed with the Secretary of the Treasury or his delegate. 26 U.S.C. §§7422(a) and 7701. A claim for refund must be filed "within 3 years from the time of the return was filed or 2 years from the time the tax was paid," whichever is later. 26 U.S.C. §6511(a).

### III. ANALYSIS

To avoid dismissal of counts one and two, Duggan must demonstrate that these claims meet the jurisdictional requirements discussed above.

In considering jurisdictional arguments, the Court is not limited to the facts alleged in the pleadings. *Augustine*, 704 F.3d at 1077 ("In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary.") (citation omitted). Moreover, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of

jurisdictional claims." *Id.* (citation and quotation marks omitted). Nevertheless, "where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Id.* (citations omitted).

Here, to overcome the jurisdictional challenge, Duggan must demonstrate, for counts one and two, that he (1) has paid the entire penalty and (2) timely filed a claim with the Secretary of the Treasury or his delegate. *See supra* at II.B. The United States concedes that Duggan paid the assessed penalties at issue in full, therefore the parties only contest the second requirement. ECF No. 43 at 4–5 (confirming that the penalty at issue in count one was paid on April 30, 2012, while the penalty at issue in count two was paid on July 2, 2012).

**A.     Duggan did not timely file refund claims for either counts one or two.**

To be considered timely, Duggan must have filed an administrative claim requesting refunds of the penalties he paid "within 3 years from the time of the return was filed or 2 years from the time the tax was paid," whichever is later. 26 U.S.C. §6511(a). Given the timeline of this case, he must have filed claims no later than April 30, 2014 and July 2, 2014 to timely contest the penalties at issue in counts one and two, respectively.

//

### 1. Equitable tolling is inapplicable here.

To the extent Duggan argues that the time limitation in §6511(a) should be equitably tolled, that argument fails. The Supreme Court has ruled that equitable tolling principles do not apply to the statutory time limitations in §6511. *United States v. Brockamp*, 519 U.S. 347, 348 (1997).

### 2. Duggan did not file informal refund claims.

Courts recognize the validity of informal claims for tax refunds. *New England Elec. Sys. v. United States*, 32 Fed. Cl. 636, 641 (1995). An informal claim has three components: (1) it must provide the IRS with notice that the taxpayer is claiming a right to a refund; (2) it must describe the legal and factual basis for the requested refund; and (3) it must have a "written component." *Id.* Importantly, "no set rules can be elucidated as to what constitutes an adequate informal claim; rather, each case must be determined based on its own unique set of facts." *Id.* Courts must also "go beyond the written component and examine the facts and circumstances which are presented in every case." *Id.* Even if a party files an informal claim, a formal claim remedying any defects in the informal claim must follow. *Comm'r of Internal Revenue v. Ewing*, 439 F.3d 1009, 1015 (9th Cir. 2006), *superseded by statute as stated in Christensen v. Comm'r of Internal Revenue*, 523 F.3d 957 (9th Cir. 2008). Courts in the Ninth Circuit follow these principles. *See, e.g.*, *Anderson*

*v. United States*, 220 Fed. App'x 479 (9th Cir. 2007); *see also Erickson v. United States*, No. CV-13-00273-KAW, 2013 WL 2299624 (N.D. Cal. May 24, 2013).

The parties agree that Duggan filed a formal claim for refund in January 2015. ECF No. 43 at 8; ECF No. 44 at 4; ECF No. 1-1. This claim alone, however, is untimely as to counts one and two. For that reason, Duggan submits several exhibits in support of his opposition to Defendant's motion to dismiss and maintains that some of these constitute informal refund claims which preserve counts one and two of his complaint. *See generally* ECF Nos. 44 and 45. From these submissions, only the letters dated May 11, 2012, ECF No. 44-1, and May 21, 2014, ECF No. 44-7, reference payments made for tax years 1998 or 1999, and also fall within the two-year statute of limitations.[1] Accordingly, the Court only examines these as potential informal refund claims.

    **a.    The May 11, 2012 letter.**

This letter predates April 30, 2014 and July 2, 2014, the dates by which Duggan must have filed a claim on counts one and two, respectively. ECF No. 44-1 at 1. Duggan titled the letter a "Request for Abatement," and addressed it to "ACS

---

[1] The December 11, 2012, letter to the IRS also references the Notice of Levy for 1998 and 1999. However, the substance of that letter deals with the 1040 tax returns for 2000 and 2001, as detailed in the subject line and throughout the letter. The Court also notes that in a letter to the IRS dated June 19, 2013, Duggan states: "Nine tax returns have been filed since last year and copies of two others mailed to the IRS. Two of these years, 1998 and 1999 are apparently no longer in contention and we owe nothing." This suggests that this series of correspondence was intended to clarify Duggan's tax liability, not to request a refund of penalties paid.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS 1 AND 2 FOR LACK OF SUBJECT-MATTER JURISDICTION - 8

Support – Pamela J. Rogers, Ops. Manager ACS & Chief of Special Procedure Handling" at the IRS. *Id.* It also contains dollar amounts for monies paid, refund amounts, and other sums of money pertaining to different tax years, including 1998 and 1999. *Id.* However, the letter does not request a refund of penalties paid but rather that the IRS "expedite the release/removal of this Notice of Levy." *Id.* Duggan also explains the economic hardships the IRS's actions imposed on him and objects to a penalty for filing late. *Id.* at 1–2. This letter certainly constitutes a "written component." However, the letter lacks any plausible refund request or a description of the legal and factual bases for a refund. Critically, even when reading this letter as broadly and liberally as possible, it does not afford the IRS notice that Duggan sought a refund through this writing. Therefore, this letter cannot be said to be a deficient informal refund claim.

      **b.**     **The May 21, 2014 letter.**

Plaintiff Duggan wrote a letter titled "Notice and Request," and addressed it to William Waight at the IRS. ECF No. 44-7 at 1. In it, he challenges a penalty charge notice for 2006 he received. *Id.* Given this letter's date, it could only potentially preserve Duggan's claim as to count 2. In the letter, Duggan references several regulations and objects to the penalties the IRS assessed as unfair and infringing on his rights. *Id.* at 1–2. Regarding penalties in 1998 or 1999, nothing in the letter challenges the penalties assessed in those years. The only thing in this

letter that could plausibly be construed as referencing the 1998 or 1999 penalties is his discussion of credits that appeared on his returns between 1998 and 2000. *Id.* at 2. But this references credits and does not request a refund of monies paid for tax years 1998 or 1999. Moreover, although this letter contests penalties, it does not do so for the years at issue in counts one and two. Accordingly, this letter also cannot be construed as a deficient informal refund claim.

### IV.  CONCLUSION

Although Duggan filed a formal claim and accompanying letter seeking a refund in January 2015, ECF No. 1-1 at 2–3 and 6–7, his previous letters cannot be construed as deficient informal refund claims that would preserve his claims. The critical inquiry is whether either of the May 2012 or 2014 letters could be read as providing the IRS with notice of Duggan's refund requests. Had either letter done so, one or both could have been considered defective informal refund claims, which the 2015 formal claim later corrected. The Court concludes that neither letter can be read as providing such notice. Further, though the overall circumstances here clearly indicate that a dispute between the IRS and Duggan has persisted for some time—and each party was aware of the dispute—it does not follow that Duggan provided the IRS with the required timely notice that he would seek refunds of the penalties assessed for tax years 1998 and 1999. Thus, the statutorily prescribed

jurisdictional prerequisites were not met as to counts one and two of the complaint, divesting this Court of subject-matter jurisdiction.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's United States of America's Suggestion of Lack of Subject Matter Jurisdiction with Respect to Counts 1 and 2 of the Complaint, **ECF No. 43**, is **GRANTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies Pro Se Plaintiff and to all counsel.

**DATED** this 22nd day of March 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge