FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 10, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILIP A. DUGGAN,<br><br>               Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | No.   2:16-CV-0034-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING THE UNITED STATES OF AMERICA'S SUGGESTION OF SUBJECT MATTER JURISDICTION WITH RESPECT TO COUNTS 1 AND 2 OF THE COMPLAINT** |

Before the Court, without oral argument, is Plaintiff Duggan's Motion to Reconsider Order Granting the United States of America's Suggestion of Lack of Subject Matter Jurisdiction with Respect to Counts 1 and 2 of the Complaint. ECF No. 51. Through this motion Plaintiff Duggan requests that the Court vacate its previous Order granting the United States' motion, ECF No. 47, and deny it instead. ECF No. 51. The United States opposes Duggan's motion. ECF No. 57. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the instant motion.

The Court's Scheduling Order addressed the filing of motions to reconsider. ECF No. 39 at 10. That order directs the parties to follow the U.S. District Court for

ORDER **-** 1

the Western District of Washington's Local Rule 7(h). *Id.* The Scheduling Order also informs parties that motions to reconsider are disfavored and such motions exceeding five (5) pages will not be considered. *Id.* Local Rule 7(h) also informs parties that motions to reconsider are ordinarily denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rule 7(h)(1) of the U.S. District Court for the Western District of Washington. Further, no responses, and by extension replies, are allowed on motions to reconsider absent a request from the parties to file such documents. *Id.* at 7(h)(3).

Here, although Duggan's motion is 11 pages long, the Court has reviewed it. The Court has also considered the United States' response, ECF No. 57, and Duggan's reply, ECF No. 66. Duggan cites Federal Rule of Civil Procedure 60 as the basis for his request. ECF No. 66 at 2. Duggan states that "he should have better pointed out the reasons why certain letters were requests for abatement and refund not just about tax liability" and that "[t]his could be considered mistake or excusable neglect." ECF No. 66 at 2.

The Court has reviewed Duggan's filings regarding the instant motion and they can be fairly described as rearguing the same matters the Court considered in rendering its decision regarding counts one and two of the complaint. *See* ECF. Nos.

ORDER - 2

47, 51 and 66. In making its previous ruling at issue here, ECF No. 47, the Court considered all of the parties' filings and the entire file, as applicable to the United States' motion regarding this Court's subject matter jurisdiction with respect to counts one and two. Duggan offers no new information or legal bases for the Court to reassess and reverse its decision. That Duggan disagrees with the Court's findings and ruling is not a sufficient basis for the Court to grant Duggan's present request. Therefore, the Court denies the instant motion.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Plaintiff's Motion to Reconsider Order Granting the United States of America's Suggestion of Lack of Subject Matter Jurisdiction with Respect to Counts 1 and 2 of the Complaint, **ECF No. 51**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 10th day of August 2017.


_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 3