FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILIP A. DUGGAN,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | No. 2:16-CV-0034-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART AND DENYING IN PART ECF NO. 78, AND GRANTING ECF NO. 82** |

Before the Court, without oral argument, are the parties' cross motions for summary judgment. ECF Nos. 48 & 53. Each party moves for an order from this Court granting it a favorable decision on the remaining claims in this case—counts three through seven. ECF Nos. 48 & 53. Having reviewed the pleadings and the entire file in this matter, including numerous filings on the instant motions, the Court is fully informed and for the reasons detailed below denies Plaintiff's motions and grants the United States' motion.

### I. BACKGROUND

This case concerns a dispute between Plaintiff Duggan and Defendant the United States of America over penalties assessed against Duggan for allegedly

ORDER **-** 1

filing frivolous tax returns to the Internal Revenue Service (IRS). *See generally* ECF No. 1. Specifically, Duggan alleges that, pursuant to 26 U.S.C. § 6702, the IRS incorrectly assessed and imposed penalties against him for filing frivolous tax submissions. ECF No. 1 at 3. He filed suit asking "for reallocation and then, if applicable, refund of taxes taken through levy and erroneously applied to defective, improperly or otherwise unjustly assessed penalties." ECF No. 1 at 1. Duggan's complaint lists thirteen separate counts identifying payments he made toward penalties he asserts were incorrectly assessed and imposed against him. *Id.* at 18–35. Following a motion to dismiss filed by the United States, ECF No. 6, the Court dismissed counts eight through thirteen because the Court lacked subject-matter jurisdiction over those claims. ECF No. 22. Subsequently, the United States filed another motion which challenged the Court's subject-matter jurisdiction as to counts one and two. ECF No. 43. The Court granted that motion and affirmed its decision following Duggan's motion for reconsideration. ECF Nos. 47 and 89.

Now, each party urges the Court to grant it summary judgment on the remaining counts. ECF Nos. 48 and 53. Counts three through seven of the complaint are very similar. ECF No. 1 at 20–26. In each count Duggan alleges that he erroneously paid penalties and interest to satisfy defectively assessed penalties pursuant to 26 U.S.C. § 6702 and confirmed payment for each in a Form 843. ECF No. 1 at 20–26. However, each individual count in three through seven alleges that

the payments were made at different time periods. ECF No. 1 at 20–26. Duggan also alleges that he has exhausted his administrative remedies for each count. ECF No. 1 at 20–26.

Following the parties' extensive briefing of the summary judgment motions, the parties filed two motions that the Court also addresses in this order: (1) Duggan's Motion for Leave to File Addendum to Plaintiff's Response to United States of America's Motion for Summary Judgment and to Shorten Time, ECF No. 78; and (2) the United States of America's Motion to Strike Affidavit, ECF No. 82. These motions pertain to information the Court could take into account in deciding the summary judgment motions, and therefore the Court rules on them before addressing the merits of the motions for summary judgment.

**A. Duggan's Motion for Leave to File Addendum to Plaintiff's response to United States of America's Motion for Summary Judgment and to Shorten Time is denied in part and granted in part.**

Through this motion Plaintiff Duggan seeks leave to file an addendum to his response to the United States' summary judgment motion to "correct a statement and an important form number error." ECF No. 78 at 1. He also seeks to respond to two case cites and add a relevant case cite of his own. Id. at 2. The Unites States opposes the request arguing that it would be prejudiced as it has already fully briefed the summary judgment motions and that it would not have the opportunity to respond to any new allegations raised by the Plaintiff. ECF No. 81.

ORDER - 3

The Court has fully reviewed the issue and agrees that the United States would be prejudiced by new information or arguments Duggan raises in the proposed addendum. However, to the extent he seeks to correct information contained within his previous filing at ECF No. 67, to which the United States has already responded, the Court considers that information. The Court does not, however, consider new information since the underlying summary judgment motions have already been fully briefed. Accordingly, Duggan's motion, ECF No. 78, is granted in part and denied in part.

**B.     The United States of America's Motion to Strike Affidavit is granted**.

The United States moves the Court to strike the affidavit, ECF No. 80, Duggan submitted in support of his motion for summary judgment. ECF No. 82. The United States objects to this filing as untimely because Duggan's motion for summary judgment has been fully briefed and considering the affidavit would prejudice the United States as it would not be allowed to respond. ECF No. 82 at 2.

Duggan opposes the motion to strike asserting that the prejudice to the United State would be minimal and that he submitted the affidavit because there had been no ruling on his summary judgment motion as of July 13, 2017. ECF No. 87 at 2. He further asserts that the briefing of his summary judgment motion was not complete until his affidavit was submitted. ECF No. 87 at 3. Duggan maintains that

the affidavit serves the interests of justice because it "[clarifies] to the Court without introducing any facts. ECF No. 87 at 3.

The Court notes that Duggan did not seek leave to file this affidavit. Even assuming that he had sought leave, considering Duggan's additional affidavit at this late stage would prejudice the United States. First, the Local Rules specify how summary judgment motions are to be briefed. *See* Local Rules 7.1 and 56.1. Supporting affidavits must be submitted with motions, responses, and replies, when a party makes factual assertions. Local Rule 7.1(g). Absent some compelling reason, there really is no need for a party to submit additional filings to the ones contemplated in the rules. Here, Duggan offers no compelling reason for allowing an additional filing.

Secondly, and perhaps more importantly, allowing Duggan to file an affidavit at this point would prejudice the United States because it would not have the opportunity to respond to Duggan's affidavit. Furthermore, Duggan's summary judgment motion has already been completely briefed: (1) Duggan filed his motion for summary judgment on April 4, 2017, ECF No. 48; (2) the United States filed its response on April 24, 2017, ECF No. 55; and (3) Duggan filed his reply on May 15, 2017, ECF No. 63. Duggan was afforded every opportunity to present his case to the Court relating to the issues raised in his summary judgment motion. *See* Local rules 7.1 and 56.1 (detailing the procedures for briefing summary judgment motions

in particular and memoranda in general). Accordingly, the Court grants the United States Motion to Strike, ECF No. 82.

## II.  LEGAL STANDARD

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal citation omitted). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. DISCUSSION

**A. Duggan's administrative claim relating to counts three through seven of the complaint only questioned whether the IRS had complied with 26 U.S.C. § 6751(b)(1), rendering that the only ground for a refund that the Court may consider.**

It is well settled that a plaintiff seeking a tax refund through a lawsuit in federal court must first file an administrative claim with the IRS. *Boyd v. United States*, 762 F.2d 1369, 1371–72 (9th Cir. 1985) (citing 26 U.S.C. § 7422(a) and implementing regulations). Such a claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." *Id.* at 1371 (citation and quotation marks omitted). "If the claim on its face does not call for investigation of a question, the taxpayer may not later raise that question in a refund suit." *Id.* at 1372.

The administrative claims Duggan filed seeking refund for each of the penalties at issue in counts three through seven contain a Form 843 seeking refund and an appended a letter in which he explained, among other things, "[a]lthough I have a number of good reasons to request abatement for reasonable cause for a number of penalties it is not necessary here because I've determined that IRS made an error and is deficient in procedure and were not in compliance with § 6751(b)(1) for assessment." ECF No. 1-1 at 34–35 (discussing penalties paid in 2000 which are the subject of count 3); *see also* ECF No. 1-1 at 49–51, 65–66,

ORDER - 7

78–79 and 91–92 (additional Forms 843 and attached letters explaining, using slightly different language, that he was only raising procedural challenges to the penalties assessed against him). The rest of these letters, which are all very similar, go on to explain the steps Duggan took to raise and point out the alleged procedural deficiencies in how these penalties were assessed against him to IRS personnel. *Id.*

In this lawsuit, however, Duggan maintains that he "requests penalty abatement . . . or other code sections and/or that were otherwise unjust . . . or for reasonable cause . . . or equity considerations applicable to the individual penalty." ECF No. 67 at 2. He also alleges that his due process rights were violated and seeks redress for that. *Id.* Yet, as *Boyd* makes clear, Duggan can only raise the issue he identified in his administrative claims—the alleged procedural deficiencies Duggan maintains IRS committed in assessing the penalties at issue here. The Court has reviewed all the filings in this case and recognizes Duggan's many efforts to challenge what he perceives to be unfair treatment. However, at this stage in his challenge to the IRS's action, the only issue properly before the Court is the one he raised in this administrative claims—whether the IRS followed the proper procedures in issuing penalties against Duggan.

**B. The penalties the IRS assessed against Duggan were procedurally appropriate.**

Courts have repeatedly held that Certificates of Assessments and Payments are "sufficient evidence that an assessment was made in the manner prescribed by [26 U.S.C. §] 6203 and" implementing regulations. *Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992); *United States v. Dubey*, CV-S-94-0417, 1997 U.S. Dist. LEXIS 4904, at *13 (E.D. Cal. March 21, 1997) ("The introduction of Certificates of Assessments and Payments into evidence is sufficient to create a presumption that the assessments were validly made and the proper notice and demand were issued and were given to the taxpayer on the dates recorded on the certificate."); *Dallin v. United States*, 62 Fed. Cl. 589, 600–01 (2004) ("It is well established that a certified copy of the taxpayer's Form 4340 triggers the presumption of correctness in favor of the government, and is 'routinely used to prove that a tax assessment has in fact been made."); *Simmons v. United States*, 127 Fed. Cl. 153, 160 (2016).

Here, the United States has provided Certificate of Assessments, Payments, and Other Specified Matters on Form 4340 for each of the penalties at issue in counts three through seven. ECF Nos. 54-1 (Declaration of Shauna Henline) and 54-2 at Ex. A. Accordingly, the United States has established that the penalties assessed against Duggan were presumptively valid. *Decker v. United States*, No. C08-1339, 2009 WL 1455327, at *4 (W.D. Wash. May 20, 2009) (dismissing a

ORDER - 9

claim for failure to comply with the procedural requirements of 26 U.S.C. § 6751(b) because a submitted Form 4340 was prima facie evidence that the assessments at issue there were made correctly).

Therefore, for Duggan's claims to survive, he must demonstrate that an issue of material fact as to the remaining counts persists in light of the evidence submitted by the United States. Duggan attempts to distinguish his case from the case law holding that a Form 4340 establishes a presumption for the propriety of the IRS's liabilities assessment against a tax payer by pointing out that those cases reference other portions of the relevant statute. ECF No. 67 at 7–11. That is unavailing because the issue here is clearly settled—a Form 4340 establishes a presumption that IRS action was proper.

Further, Duggan asserts that he has rebutted the United States' evidence in its statement of material facts and supporting declarations and exhibits, ECF Nos. 54, 54-1, and 54-2, "point for point." ECF No. 67 at 10. Duggan's declaration at ECF No. 65, in which he asserts that he refutes the facts presented by the United States in Shauna Henline's declaration and supporting exhibits, does not establish facts. It mostly contains Duggan's views on the points Heinlein made in her declaration and the issues raised in her declaration and supporting documents. This does not create a genuine issue of material fact. *See generally* ECF No. 65.

Duggan also seems to argue that even if the assessed penalties were in compliance, that does not necessarily mean that they are lawful. *See, e.g.*, ECF No. 63 at 5 ("Even if a penalty is technically in compliance with § 6751 it does not prove it lawful, just or that it was [Duggan's] filing."). It is unclear to the Court what legal basis Duggan relies on to make such assertions. As discussed above, courts have routinely held that Form 4340 presumptively establishes that the IRS has acted properly. The Court is unaware of any other procedural requirements that the IRS had to adhere to in this case.

To the extent that Duggan argues that the United States erred by pointing this Court to unpublished cases without providing Duggan a photocopy of such unpublished cases, the Court does not read Local Rule 7.1(f)(3) as narrowly as Duggan. Westlaw and LexisNexis are publicly available, though subscription based, electronic databases. Accordingly, the Court does not believe that noting unpublished cases is in error. The Court notes, however, that Duggan could have requested the cases from opposing counsel, either directly or, if necessary, by filing a motion with the Court as soon as practicable after receiving a brief from the United States including such citations.

Lastly, the Court notes that it has considered all other arguments and filings by the parties. However, they are immaterial and do not establish issues of material fact that preserve counts three through seven.

## IV. CONCLUSION

For the reasons detailed above, the Court grants the United States motion for summary judgment and denies Duggan's motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Leave to File Addendum to Plaintiff's Response to United States of America's Motion for Summary Judgment and to Shorten Time, **ECF No. 78**, is **GRANTED IN PART** and **DENIED IN PART**.

2. Defendant's Motion to Strike Affidavit, **ECF No. 82**, is **GRANTED**.

3. Plaintiff's Motion for Summary Judgment for Counts Three Through Seven of the Complaint, **ECF No. 48**, is **DENIED**.

4. Defendant's Motion for Summary Judgment, **ECF No. 53**, is **GRANTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and pro se Plaintiff.

**DATED** this 11th day of August 2017.

SALVADOR MENDOZA, JR.
United States District Judge